Jansen, J. (concurring in part and dissenting in part).
Although I agree with the majority that the trial court had the authority under MCL 771.2(5) to extend defendant's probationary period, I write separately because I believe due process required defendant have notice and an opportunity to be heard before his probationary period was extended.
MCL 771.2(5) permits a trial court to amend, modify, or extend a defendant's probation period. Accordingly, in this case, the trial court had the authority to extend defendant's probation period so long as it did not exceed the five-year statutory maximum period allowed for defendant's felony conviction under MCL 771.2(1). I therefore concur with the majority's opinion in that regard. However, simply because MCL 771.2(5) vests the trial court with the authority to extend his probation period does not mean that defendant is no longer entitled to due process. Because the majority opinion fails to address defendant's due-process rights, I dissent.
Due process for a criminal defendant generally requires reasonable notice of the charges against him or *504 her and an opportunity to have those charges proved beyond a reasonable doubt by the prosecution. People v. Eason , 435 Mich. 228, 233; 458 N.W.2d 17 (1990). I believe these principles extend to a postconviction proceeding in which the prosecution files a petition in the trial court seeking to amend, modify, or extend a probation period, particularly if that probation period has technically already expired, as is the case here.[1] *920 Even though a trial court has authority to extend a defendant's probation period under MCL 771.2(5), there must be some reason for doing so: there must be some allegation against the defendant that warrants an amendment, modification, or extension. Therefore, a defendant should be entitled to notice of those allegations and an opportunity to have those allegations proved, or at a minimum substantiated.
I find defendant's reliance on Gagnon v. Scarpelli , 411 U.S. 778; 93 S.Ct. 1756, 36 L.Ed. 2d 656 (1973), to be compelling. As the United States Supreme Court articulated in Scarpelli :
Both the probationer or parolee and the State have interests in the accurate finding of fact and the informed use of discretion-the probationer or parolee to insure that his liberty is not unjustifiably taken away and the *505 State to make certain that it is neither unnecessarily interrupting a successful effort at rehabilitation nor imprudently prejudicing the safety of the community. [ Id . at 785.]
By extending defendant's probation period, the trial court extended the constraint on his liberty. In my view, due process requires that defendant be made aware of the extension of that constraint before the extension occurs and that the extension is justified.
In Scarpelli , id . at 786, the United States Supreme Court reiterated that in Morrissey v. Brewer , 408 U.S. 471; 92 S.Ct. 2593; 33 L.Ed.2d 484 (1972), it had announced that a defendant is entitled to a preliminary hearing and a final hearing before the trial court can revoke probation or parole. In particular, the Supreme Court determined that:
At the preliminary hearing, a probationer or parolee is entitled to notice of the alleged violations of probation or parole, an opportunity to appear and to present evidence in his own behalf, a conditional right to confront adverse witnesses, an independent decision maker, and a written report of the hearing. The final hearing is a less summary one because the decision under consideration is the ultimate decision to revoke rather than a mere determination of probable cause, but the "minimum requirements of due process" include very similar elements:
(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to [the probationer] or parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders *506 as to the evidence relied on and reasons for revoking [probation or] parole. [ Scarpelli , 411 US at 786, citing and quoting Morrissey , 408 US at 487, 489 (citation omitted).]
I find no reason why these principles should not also apply to the amendment, modification, or extension of probation or parole under MCL 771.2(5).
In light of the foregoing, I would vacate the trial court's orders extending and subsequently revoking defendant's probation *921 and remand for proceedings on the petition to extend defendant's probation period that are consistent with defendant's right to due process.

The prosecution also filed new charges for possession of less than 25 grams of heroin, MCL 333.7403(2)(a)(v ), and possession with intent to deliver less than 50 grams of heroin, MCL 333.7401(2)(a)(iv ). Vanderpool waived his rights, including the right to a hearing on the probation violations, before pleading guilty to a single probation violation and possession of less than 25 grams of heroin, MCL 333.7403(2)(a)(v ). Further, when Vanderpool pleaded guilty to the probation violation, he agreed that he was on probation during the relevant period.